FILED IN CHAMBERS
U.S.D.C. Rome

MAR 26 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| CORNELIUS MARTIN, II, | :: | CIVIL ACTION NO. |
| Inmate # 14137-055, | :: | 1:06-CV-1498-RLV-AJB |
| Petitioner, | :: | |
| | :: | |
| v. | :: | |
| | :: | |
| MICHAEL ZENK, Warden, | :: | HABEAS CORPUS |
| Respondent. | :: | 28 U.S.C. § 2241 |

## ORDER AND OPINION

Now before the Court are Petitioner's Motion for Reconsideration [Doc. 38] and the Response thereto [Doc. 41]. On January 19, 2007, this Court entered an Order [Doc. 28] and Judgment [Doc. 29] adopting the Magistrate Judge's Report and Recommendation [Doc. 19] to dismiss Petitioner's habeas corpus petition for failure to exhaust the Bureau of Prisons' (BOP's) administrative remedies with respect to Petitioner's claim that denying him entry into a Residential Drug Abuse Program (RDAP) was improper. On January 29, 2007, Petitioner filed a notice of appeal. [Doc. 30.] On February 21, 2007, more than ten business days after entry of the Court's Order and Judgment, Petitioner filed the instant reconsideration motion.

As a preliminary matter, the Clerk of Court is **DIRECTED** to **RE-OPEN** this case for the limited purpose of considering Petitioner's reconsideration motion.[1]

### I. Fed. R. Civ. P. 60(b) Standard

A party may seek relief from a judgment pursuant to either Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b). To fall within the purview of Rule 59(e), a "motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). Because Petitioner missed this ten-day deadline, his motion for reconsideration is governed by Fed. R. Civ. P. 60(b). See Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003) (stating that "[w]hen a motion to alter or amend a judgment under Rule 59(e) . . . is filed more than 10 days after entry of judgment[, it] automatically becomes a Rule 60(b) motion").

In pertinent part, Rule 60(b) provides relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been

---

[1] Although Petitioner's notice of appeal deprives this Court of jurisdiction over most matters related to his habeas action, the Court retains jurisdiction to deny a motion for reconsideration. See Wisecup v. James, 790 F.2d 841, 842 (11th Cir. 1986) (noting that a district court may entertain a Rule 60(b) motion after a notice of appeal has been filed, but may only grant such a motion upon remand).

> discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or other misconduct of an adverse party; . . . or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). A Rule 60(b) movant "must demonstrate a justification for relief so compelling that the district court [is] *required* to grant [his] motion." Rice v. Ford Motor Co., 88 F.3d 914, 919 (11th Cir. 1996). Moreover, Rule 60(b)(6) provides "an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Id. A Rule 60(b) motion is committed to the sound discretion of the district judge. See Am. Bankers Ins. Co. of Florida v. Northwestern Nat'l Ins. Co., 198 F.3d 1332, 1338 (11th Cir. 1999).

## II. Discussion

In the instant motion, Petitioner contends that he has new evidence demonstrating that he is eligible for entry into a RDAP, based on his alcohol and opioid dependence, and that BOP officials clearly erred in ruling him ineligible. [Doc. 38 at 3-5.] Respondent points out that Petitioner's argument is unavailing because (1) this Court dismissed his habeas petition on the independent ground that he had failed to exhaust his administrative remedies, and (2) Petitioner's evidence of his substance dependence is not newly discovered. [Doc. 41 at 2-4.] Petitioner also contends that this Court erred in declining to issue him a certificate of

appealability (COA), and then dismissing his in forma pauperis motion as moot [see Doc. 36], because a federal prisoner does not require a COA to appeal the denial of a § 2241 petition. [Doc. 38 at 6.]

Petitioner has not demonstrated "a justification for relief so compelling," under any provision of Rule 60(b), requiring this Court to grant his reconsideration motion. See Rice, 88 F.3d at 919. This Court dismissed the instant § 2241 petition on the independent ground that Petitioner failed to exhaust his administrative remedies, a ground Petitioner does not address in his reconsideration motion. It is correct, however, that "a federal prisoner who proceeds under § 2241 does not need a COA." Sawyer v. Holder, 326 F.3d 1363, 1364 & n.3 (11th Cir. 2003). Therefore, this Court should not have dismissed Petitioner's motion for leave to proceed on appeal in forma pauperis as moot. [See Doc. 36.]

The Court nevertheless concludes, for the reasons set forth in the record herein, including in the Magistrate Judge's Report and Recommendation, that Petitioner's "appeal is not taken in good faith." See Fed. R. App. P. 24(a)(3)(A); Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000) (concluding that "good faith" is "an objective concept" and that "not taken in good faith" is "a synonym for frivolous"); DeSantis v. United Techs. Corp., 15 F. Supp. 2d 1285, 1288-89 (M.D. Fla. 1998)

4

(stating that good faith "must be judged by an objective, not a subjective, standard" and that an appellant "demonstrates good faith when he seeks appellate review of any issue that is not frivolous").

### III. Conclusion

Accordingly, Petitioner's motions for leave to proceed in forma pauperis [Doc. 33] and for reconsideration [Doc. 38] are **DENIED**. The Clerk of Court is **DIRECTED** to **CLOSE** this re-opened case.

**IT IS SO ORDERED**, this 26th day of MARCH, 2007.

ROBERT L. VINING, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)